# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY SEAN TRAYNOR | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. AW-11-41 |
| | * | |
| DAYENA CORCORAN, and | * | |
| THE ATTORNEY GENERAL OF THE | * | |
| STATE OF MARYLAND | * | |
| Respondents | *** | |

## MEMORANDUM

Pending is Respondents' Court-Ordered Response and Petitioner's Reply. ECF No. 3 and 5. Upon review of the papers filed, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2010); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

## Background

On July 14, 2006, in the Circuit Court for Charles County, Petitioner entered an *Alford* plea[1] to second degree burglary. He was sentenced to twelve years in prison, all suspended with five years probation. ECF No. 3 at Ex. 1, pp. 5-6, 13. Petitioner did not file for leave to appeal the entry of the plea. *Id*. at 13. Thus, his conviction became final August 14, 2006, when the time for filing for leave to appeal expired. *See* Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(e) (2006) and Md. Rule 8-204(b). On February 13, 2009, Petitioner's probation was revoked and he was ordered to serve the twelve year term. ECF No. 3 at Ex. 1, p. 5.

Petitioner filed for post-conviction relief in the Circuit Court for Charles County on January 5, 2009. *Id*. at Ex. 1, p. 17. The petition was denied on April 30, 2010. *Id.* at 21.

---

[1] *North Catolina v. Alford*, 400 U.S. 25, 37 (1970) (criminal defendant may consent to imposition of a prison sentence even if he is unwilling to admit participation in the crime).

Petitioner's application for leave to appeal the post-conviction court's decision was filed on June 9, 2010, and on July 9, 2010, it was dismissed as untimely filed. *Id*. at 21-2.

Petitioner's conviction was final on August 14, 2006, and Respondent asserts the instant Petition for Writ of Habeas Corpus is untimely filed. ECF No. 3. Petitioner asserts that the instant petition should be considered on the merits because the State breached the plea agreement by rescinding the probation order. ECF No. 5 at p. 2. Peitioner claims that since this breach occurred on February 13, 2009, the factual predicate for his claim arose on that date. *Id*. If Petitioner's assertions are correct, the Petition is timely.

**Standard of Review**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State

2

> post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir.2000).

**Analysis**

Petitioner claims his petition should be considered timely under §2244(1)(D). ECF No. 5 at p. 3. If the claims raised by Petitioner concerned the validity of his violation of probation hearing, his assertion might be correct. The claims asserted in the Petition, however, concern the voluntariness of Plaintiff's plea and the ineffective assistance of trial counsel in the context of the voluntariness of his plea. ECF No. 1 at p. 6. There is no claim regarding the violation of probation proceeding and the Court does not assume that Petitioner is claiming his probation could never be revoked under the terms of his plea agreement. Thus, the time limitation for filing the Petition is not governed by §2244(1)(D). The instant Petition is governed by §2244(1)(A) and, unless there is a basis for equitable tolling of the limitations period, it is untimely.

Petitioner asserts he was unaware of his appellate rights when he entered the *Alford* plea in 2006 and, thus, should be permitted to proceed on the merits of the claims raised in the instant petition. ECF No. 5. His claim is that he was not informed of his appellate rights at the time of this plea. To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondents contributed to the delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). Trial attorney error, such as that alleged here, is not an "extraordinary circumstance." *See Taliani v. Chrans*, 189 F. 3d 597, 598 (7th Cir. 1999)(lawyer's miscalculation of limitations

3

period is not a basis for equitable tolling); *Sandvik v. United States*, 177 F. 3d 1269, 1272 (11th Cir. 1999) (lawyer's decision to mail petition by ordinary mail instead of expedited delivery not basis for equitable tolling). "[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Harris*, 209 F. 3d at 331. Thus, having concluded that Petitioner is not entitled to equitable tolling, the Court concludes that the Petition is untimely and must be dismissed.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The instant petition was filed on January 6, 2011, more than three years after the one year time limitation expired. Thus, the Court finds there is no basis for issuing a certificate of appealability.


Date: April 19, 2011                                    _____/s/_____
                                                        Alexander Williams, Jr.
                                                        United States District Judge